**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

|   |   |
|---|---|
| TYLER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEXUR ENTERPRISES INC., ROBERT FRY, JIMMY DAVIS, JOE THORNSBERRY, AND JOHN DOES 1-100 <br><br> Defendants. | Case No. 4:20-cv-00173-TWP-DML |

**CASE MANAGEMENT PLAN**

**I.    Parties and Representatives**

    **A.    Names of Parties:**

       *PLAINTIFF*
       a. Tyler Technologies, Inc. ("Tyler")

       *DEFENDANTS*
       b. Lexur Enterprises Inc. ("Lexur")
       c. Robert Fry ("Fry")
       d. Jimmy Davis ("Davis")
       e. Joe Thornsberry ("Thornsberry")

    **B.    Names and Contact Information for Counsel:**

       a. Counsel for Plaintiff Tyler Technologies, Inc.:

         Jennifer J. Nagle (*pro hac vice*)
         Michael R. Creta (*pro hac vice*)
         K&L Gates LLP
         State Street Financial Center
         One Lincoln Street
         Boston, MA 02111
         Tel: 617-951-9059
         Fax: 617-261-3175
         jennifer.nagle@klgates.com
         michael.creta@klgates.com

Ann O. McCready
Vivek Randle Hadley
Taft Stettinius & Hollister LLP
One Indiana Square
Suite 3500
Indianapolis, IN 46204
Tel: 317-713-3500
Fax: 317-713-3699
amccready@taftlaw.com
vhadley@taftlaw.com

b. Counsel for Defendant Lexur Enterprises Inc.:

A. Richard M. Blaiklock
Aaron D. Grant
John Carl Trimble
Lewis Wagner, LLP
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202
Tel: 317-237-0500
Fax: 317-630-2790
rblaiklock@lewiswagner.com
agrant@lewiswagner.com
jtrimble@lewiswagner.com

c. Counsel for Defendant Robert Fry:

Douglas B. Bates
Chelsea R. Stanley
Stites & Harbison, PLLC
323 East Court Avenue
PO Box 946
Jeffersonville, IN 47130
Tel: 812-282-7566
Fax: 812-284-5519
dbates@stites.com
cstanley@stites.com

d. Counsel for Defendant Jimmy Davis:

R. Jeffrey Lowe
Kightlinger & Gray, LLP
Bonterra Building
3620 Blackiston Boulevard, Suite 200

      New Albany, IN 47150
      Tel: 812-949-2300
      Fax: 812-949-8556
      jlowe@k-glaw.com

  e. Counsel for Defendant Joe Thornsberry:

      John H. Haskin
      Samuel Mark Adams
      John H. Haskin & Associates, LLC
      255 North Alabama
      Second Floor
      Indianapolis, IN 46204
      Tel: 317-955-9500
      Fax: 317-955-2570
      jhaskin@jhaskinlaw.com
      sadams@jhaskinlaw.com

## II. Jurisdiction and Statement of Claims

### A. Statement of Subject Matter Jurisdiction.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Tyler's claim against Defendants under the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.* raises a federal question. Pursuant to 28 U.S.C. § 1367, Tyler's remaining claims fall within this Court's supplemental jurisdiction because they are so related to the federal claim that they form part of the same case or controversy. This Court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because diversity exists among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### B. Plaintiff's Statement of Claims.

Tyler alleges that Defendants engaged in a concerted scheme to interfere with the bidding on public works contracts to undermine honest and fair competition in connection with the award of such contracts. In connection with property assessment work Tyler was actively and successfully performing under public works contracts with various Indiana counties, Tyler alleges that Defendants conspired to leverage certain of the Defendants' role as employees at Tyler working for the counties to ensure that the contracts would be rebid mid-cycle, that neither Tyler nor any other competitor would have a full and fair opportunity to bid competitively with Lexur, that Lexur would be the only bidder and would be granted the bids no matter what, that Tyler would be terminated mid-contract, and that various Tyler staff (including certain of the Defendants) would then leave Tyler to join Lexur and work on its newly awarded contracts. In connection with this scheme, Defendants Davis and Thornsberry worked directly for the benefit of

3

Lexur while they were employees of Tyler, with the intention of diverting Tyler's contracts to Lexur and then leaving Tyler to join Lexur. As a result of this scheme, various of the counties terminated their contracts with Tyler, Tyler suffered extensive losses of resources to address the untimely and unexpected terminations, and Tyler's relationships with the counties has been significantly impacted. Tyler brings claims for (1) violation of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*, (2) violation of the Indiana Antitrust Act, Ind. Code § 24-1-2-1, *et seq.*, (3) tortious interference with contract, (4) tortious interference with business relationship, (5) breach of the duty of loyalty, (6) civil conspiracy, and (7) breach of contract. Tyler seeks a judgment in its favor on all counts, an award of damages, an award of pre and post judgment interest, and an award of costs and reasonable attorney's fees.

**C.    Defendants' Statements of Defenses.**

**Defendant Lexur Enterprises, Inc.'s Statement of Defenses:** Defendant Lexur denies Tyler's claims and denies Tyler is entitled to the relief it seeks. Lexur denies the existence of any agreement or scheme to interfere with the public bidding of public work contracts. Lexur denies it conspired with any person or entity to preclude Tyler or any competitor from bidding on public works contracts. Lexur denies Tyler has suffered any loss or damage, denies that any consumer in the relevant marketplace has suffered any injury, denies it caused Tyler to suffer loss or damages, denies any action it took was for any reason other than legitimate competition in the marketplace, and denies the merits of Plaintiff's asserted claims. The Plaintiff's claims fail to state a claim upon which relief can be granted.

**Defendant Robert Fry's Statement of Defenses:** Defendant Fry denies Tyler's claims and denies Tyler is entitled to the relief it seeks. Fry denies any anti-trust violation occurred and denies that he conspired or caused anyone else to conspire with any person or entity to preclude Tyler or any other entity from bidding on public works contracts. Fry denies the existence of any agreement or scheme to interfere with the public bidding of public works contracts. Fry denies he interfered or caused anyone else to interfere with any Tyler contract or business relationship. Fry denies Tyler has suffered any loss or damage, denies that any consumer in the relevant marketplace has suffered any injury, denies he caused Tyler or others to suffer any loss or damage, denies he took or caused anyone else to take any action other than for the purpose of legitimate competition in the marketplace, and denies the merits of Tyler's claims. Fry denies that he can be held personally liable for the claims alleged. Tyler's complaint fails to state a claim upon which relief can be granted.

**Defendant Jimmy Davis's Statement of Defenses:** Defendant Davis denies Tyler's claims and denies Tyler is entitled to the relief it seeks. Davis denies the existence of any agreement or scheme to interfere with the public bidding of public work contracts. Davis denies he conspired with any person or entity to

preclude Tyler or any competitor from bidding on public works contracts. Davis denies any agreement with Lexur with regard to public works contracts. Davis denies any agreement that Davis would work for Lexur. Davis denies any intention to divert public works contracts from Tyler to any other entity. Davis denies Tyler has suffered any loss or damages, denies he caused Tyler to suffer loss or damages and denies the merits of Plaintiff's asserted claims. The Plaintiff's claims fail to state a claim upon which relief can be granted.

**Defendant Joe Thornsberry's Statement of Defenses:** Defendant Thornsberry denies Tyler's claims. As to Tyler's claim under the Sherman Anti-Trust Act, Tyler has failed to state a claim for which relief can be granted. As to Tyler's remaining claims, Thornsberry denies that he was involved in any conspiracy, agreement, or scheme to interfere with Tyler's contracts with any Indiana counties or to prevent Tyler from bidding on new contracts. Thornsberry denies that he has worked for any competitor after his termination by Tyler or otherwise violated any enforceable non-compete agreement. Thornsberry denies that he caused any injury to Tyler.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **October 13, 2020**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **October 20, 2020**.

C. Defendants shall file preliminary witness and exhibit lists on or before **October 27, 2020**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **January 10, 2021**.

E. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 10, 2021**. Defendants shall serve on the Plaintiffs (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

Sec. III E. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to *judgelynchchambers@insd.uscourts.gov*. There is no need to follow the email with a hard copy.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 30, 2021**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 31, 2021**; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before **May 31, 2021**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **August 10, 2021**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **October 10, 2021**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.  If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at <u>http://www.insd.uscourts.gov/case-management-plans</u>).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of

6

> the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

The Parties are not in agreement regarding whether a substantial volume of ESI will be implicated or appropriate in this action.

**Plaintiff's Position**: Tyler does not currently believe a substantial volume of ESI is implicated by the issues in this action and disagrees that many of the categories of discovery that defendants have vaguely identified are subject to reasonable, proportionate discovery in this matter. By way of example, Defendants have identified categories of intended discovery that essentially seek records regarding Tyler's business nationwide, with no limitation. Tyler does not believe it is efficient, proportional, or reasonable to expend resources collecting and detailing the location and source of every shred of ESI in its records without more fully understanding Defendants' defenses and the actual documents they intend to seek in this action.

Tyler is entirely amenable to meeting and conferring to address all ESI related issues, including completing the ESI Supplement, if discovery as served by the Parties actually implicates a substantial volume of ESI, and in conjunction with addressing overbreadth, proportionality, and relevance objections that will be threshold issues in whether those sources of ESI are appropriate in the first place. Tyler believes the parties, in the interest of efficiency, will be best served by planning to meet and confer within a time certain (perhaps 10 days) after discovery requests are served to discuss sources and custodians of implicated ESI and to provide meaningful detail to fill out any necessary ESI Supplement (rather than blanket objections, reservations of rights, and information provided in a vacuum, which will then simply have to be revisited and reworked when actual discovery requests are issued).

**Defendants' Position:** Defendants believe that a substantial volume of ESI is implicated by Plaintiff's claims and Defendants' defenses. Plaintiff alleges a conspiracy involving Lexur, its principal, two former Tyler employees, and certain unnamed "John Does." Although not expressly named as Defendants, numerous employees of the Indiana counties requesting cyclical reassessment contract bids are implicated in the alleged conspiracy; whether directly or indirectly. Consequently, discovery will inevitably involve the identification, review and production of a substantial volume of emails, text messages, and other documents; including metadata related to the "planning calendars" and other documents identified in the Complaint. Furthermore, Tyler's claims are based –

at least in part – on the premise that the counties' decision to rebid the cyclical reassessment contracts during the four year bid cycle was itself evidence of nefarious activity. In reality, Tyler itself has often been the driving force behind early rebids on these types of contracts. Defendants accordingly are entitled to conduct discovery regarding Tyler's efforts to secure similar early contract rebidding. The scope of this discovery – both geographic and temporal – can be worked out between the parties or, if absolutely necessary, by the Court. As a result, Defendants believe completion of the ESI Supplement is necessary.

The Parties' agree to the Court's standard "claw back" language as follows:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.  **Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

**Plaintiff:** Tyler believes this case may be appropriate for summary judgment. Tyler expects to establish, largely through party-opponent admissions and otherwise undisputed documentary and testimonial evidence, that (1) Defendants surreptitiously arranged for various Indiana counties to rebid work exclusively for Lexur, even as Tyler was actively and successfully performing under contract with each of those counties, (2) Defendants took a number of actions to prevent Tyler or other competitors from having a full and fair opportunity to bid competitively with Lexur, (3) Defendants Davis and Thornsberry worked directly for the benefit of Lexur while they were employees of Tyler, with the intention of diverting Tyler's contracts to Lexur and then leaving Tyler to join Lexur; and (4) Tyler has incurred damages due to Defendants' actions, and (4) Defendants actions constitute violations of anti-trust statutes and various common law obligations.

**Defendants:**

Defendant Lexur intends to move for summary judgment on all of Plaintiff's claims. The undisputed evidence establishes that Plaintiff cannot prevail on its claims as they either fail to state a claim for relief and the evidence will show that Lexur has not acted as alleged in the Complaint.

Defendant Fry intends to move for summary judgment on all of Tyler's claims. The undisputed evidence will establish that Fry did not violate any anti-trust laws or cause anyone to violate any such laws, did not interfere with any Tyler contract or relationship or cause anyone to so interfere, and did not engage in a civil conspiracy or cause anyone to so interfere. The undisputed evidence also establishes that Fry cannot be held personally liable for the claims alleged against him. Additionally, Tyler's complaint fails to state a valid case of action upon which relief can granted.

Defendant Davis intends to move for summary judgment on all of the Plaintiff's claims. The undisputed evidence will establish the Plaintiff cannot be successful on its claims as they either fail to state a claim upon which relief can be granted or

9

will show no agreement, conspiracy or scheme between Davis and any other person or entity to interfere with Tyler's contracts or business relationships, that Davis has not and does not intend to work for Lexur or any competitor and Davis has not violated the Sherman Anti-Trust Act, the Indiana Anti-Trust Act, committed any tort under Indiana law or breached any contract or agreement with Tyler.

Defendant Thornsberry intends to file a motion for summary judgment because the undisputed evidence will show that Thornsberry was not involved in any conspiracy, agreement, or scheme to interfere with Tyler's contracts with any Indiana counties or to prevent Tyler from bidding on new contracts, or that he has worked for any competitor after his termination by Tyler or otherwise violated any enforceable non-compete agreement.

B. On or before **July 7, 2021**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

__X__ Track 2: Dispositive motions are expected and shall be filed by **August 10, 2021**; non-expert witness discovery and discovery relating to liability issues shall be completed by **June 10, 2021**; expert witness discovery and discovery relating to damages shall be completed by **June 30, 2021**. All remaining discovery shall be completed by **June 30, 2021**. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

<sub>204403\60541986-1</sub> _____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

### V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in March 2021.**

### VI. Trial Date

The parties request a trial date in **February 2022**. The trial is by **jury** and is anticipated to take **5 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

### VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

### VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by

        opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

    3.      Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4.      A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        a.      brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for

        proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

Respectfully submitted,

| | |
|---|---|
| */s/Ann O. McCready* | */s/Aaron D. Grant* |
| Jennifer J. Nagle (*pro hac vice*) | A. Richard M. Blaiklock |
| Michael R. Creta (*pro hac vice*) | Aaron D. Grant |
| K&L Gates LLP | John Carl Trimble |
| State Street Financial Center | Lewis Wagner, LLP |
| One Lincoln Street | 501 Indiana Avenue |
| Boston, MA 02111 | Suite 200 |
| Tel: 617-951-9059 | Indianapolis, IN 46202 |
| Fax: 617-261-3175 | Tel: 317-237-0500 |
| jennifer.nagle@klgates.com | Fax: 317-630-2790 |
| michael.creta@klgates.com | rblaiklock@lewiswagner.com |
| | agrant@lewiswagner.com |
| Ann O. McCready | jtrimble@lewiswagner.com |
| Vivek Randle Hadley | |
| Taft Stettinus & Hollister LLP | *Counsel for Lexur Enterprises Inc.* |
| One Indiana Square | |
| Suite 3500 | */s/ Douglas B. Bates* |
| Indianapolis, IN 46204 | Douglas B. Bates |
| Tel: 317-713-3500 | Chelsea R. Stanley |
| Fax: 317-713-3699 | Stites & Harbison, PLLC |
| amccready@taftlaw.com | 323 East Court Avenue |
| vhadley@taftlaw.com | PO Box 946 |
| | Jeffersonville, IN 47130 |
| *Counsel for Plaintiff Tyler Technologies, Inc.* | Tel: 812-282-7566 |
| | Fax: 812-284-5519 |
| | dbates@stites.com |
| | cstanley@stites.com |
| | |
| | *Counsel for Robert Fry* |
| | |
| | */s/ R. Jeffrey Lowe* |
| | R. Jeffrey Lowe |
| | Kightlinger & Gray, LLP |

13

        Bonterra Building
        3620 Blackiston Boulevard, Suite 200
        New Albany, IN 47150
        Tel: 812-949-2300
        Fax: 812-949-8556
        jlowe@k-glaw.com

        *Counsel for Jimmy Davis*

        */s/Samuel Mark Adams*
        John H. Haskin
        Samuel Mark Adams
        John H. Haskin & Associates, LLC
        255 North Alabama
        Second Floor
        Indianapolis, IN 46204
        Tel: 317-955-9500
        Fax: 317-955-2570
        jhaskin@jhaskinlaw.com
        sadams@jhaskinlaw.com

        *Counsel for Joe Thornsberry*

| | |
|---|---|
| \_\_\_\_x\_\_\_\_ | PARTIES APPEARED BY COUNSEL ON **October 1, 2020**, FOR AN INITIAL PRETRIAL CONFERENCE. |
| _____ | APPROVED AS SUBMITTED. |
| \_\_\_\_x\_\_\_\_ | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____AT _____ .M., ROOM _____ . |
| _____ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____ ; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____ ; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____ . |
| \_\_\_\_x\_\_\_\_ | DISPOSITIVE MOTIONS SHALL BE FILED BY **August 10, 2021.** |
| \_\_\_\_x\_\_\_\_ | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **June 10, 2021.** |

15

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 10/1/2020

*(signature)*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

*Revision Date:  September 7, 2018*