# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

|  |  |
|---|---|
| TYLER TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00173-TWP-DML |
| ) | |
| LEXUR ENTERPRISES INC., ROBERT FRY, ) | |
| JIMMY DAVIS, JOE THORNSBERRY, ) | |
| AND JOHN DOES 1-100 ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S PRELIMINARY WITNESS AND EXHIBIT LISTS

Plaintiff Tyler Technologies, Inc. ("Tyler") hereby submits its Preliminary Witness and Exhibit Lists in accordance with the Case Management Plan (Dkt. 36) and states as follows:

## PRELIMINARY WITNESS LIST

i. Jimmy Davis

ii. Joe Thornsberry

iii. Robert Fry

iv. Jennifer Bippus

v. As of yet unidentified Lexur employees who may have been involved with, or have information about, the Rebid Conspiracy (as defined in the Complaint).

vi. Karen Mannix

vii. Stacey Matthews

viii. Shawna Bushhorn

ix. James Sinks

1

  x.  Katie Kaufman

  xi.  Megan Acra

  xii.  Mark Folkerts

  xiii.  Any witness necessary to rebut testimony or evidence introduced by the Defendants.

  xiv.  Any witness necessary or qualified to lay the foundation necessary for the admissibility of a document or exhibit.

  xv.  Any witness who has knowledge or information relevant to the issues in this matter as determined by counsel during discovery and investigation.

  xvi.  Any witness listed on the Defendants' Preliminary or Final witness lists.

  xvii.  Expert witnesses not yet identified.

  xviii.  All persons deposed in this action.

Tyler reserves the right to amend, modify, or supplement this witness list at any time. Should additional witnesses be identified through discovery or further factual investigation, Tyler reserves the right to include such witnesses in its witness list. The above list does not necessarily include witnesses whom Tyler may call for the purpose of impeachment or rebuttal.

## PRELIMINARY EXHIBIT LIST

  i.  Emails and other written communications between the Defendants.

  ii.  Emails and other written communications between the Defendants and the Counties (as defined in the Complaint).

  iii.  The 2018-2022 cyclical reassessment contracts entered into between Tyler and each of the Counties (as defined in the Complaint).

  iv.  The Requests for Bids and Notices for Bids published by the Counties (as defined in the Complaint) in or about late June/early July 2020.

  v.  The documents provided to Tyler by the Counties (as defined in the Complaint) pursuant to Tyler's APRA/FOIA requests.

    vi.    The documents provided to Tyler by Penn Township, Indiana pursuant to Tyler's APRA/FOIA requests.

    vii.    The termination letters that the assessors for the different counties involved in this matter sent to Tyler in 2020.

    viii.    Tyler's various bid protest communications with the Counties (as defined in the Complaint) and the DLGF.

    ix.    Thornsberry's employment agreements and restrictive covenants.

    x.    Tyler's employee handbook and Davis's and Thornsberry's written acknowledgements of same.

    xi.    Davis's and Thornsberry's compensation records from their employment at Tyler.

    xii.    All documents attached to the Complaint.

    xiii.    All documents produced during discovery.

    xiv.    All documents subpoenaed by the parties to this action.

    xv.    All documents, reports, and records necessary to support any testimony or any witness, including experts.

    xvi.    All deposition transcripts and exhibits to such transcripts for any deposition noticed in connection with this matter.

    xvii.    Any exhibits listed by the Defendants, whether when marked at trial and/or entered into evidence.

    xviii.    All necessary rebuttal exhibits.

    xix.    All further relevant documents discovered by Tyler during discovery or otherwise.

Tyler reserves the right to amend, modify, or supplement this exhibit list at any time. Should additional documents be obtained through discovery or identified through further factual investigation, Tyler reserves the right to include such documents in its exhibit list. Tyler also reserves its right to object to the production of any documents identified herein on the basis of any privilege, the work-product doctrine, relevance, undue burden, or any other valid objection, and further reserves the right to object to the admissibility of the information disclosed.

Respectfully submitted,

**TYLER TECHNOLOGIES, INC.**

By its attorneys,

*/s/ Ann O'Connor McCready*
Ann O'Connor McCready (Ind. Atty. No. 32836-53)
amccready@taftlaw.com
Vivek R. Hadley (Ind. Atty. No. 32620-53)
vhadley@taftlaw.com
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Fax: (317) 713-3699

Jennifer J. Nagle (Mass. Bar No. 669325) (*pro hac vice*)
jennifer.nagle@klgates.com
Michael R. Creta (Mass. Bar No. 693340) (*pro hac vice*)
michael.creta@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Fax: (617) 261-3175

Dated: October 20, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2020, a copy of the foregoing Plaintiff's Preliminary Witness and Exhibit Lists was filed electronically. Service of this filing will be made on all ECF-Registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ann O'Connor McCready*

28070517_1