UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TYLER TECHNOLOGIES, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> LEXUR ENTERPRISES INC., ROBERT FRY, JIMMY DAVIS, JOE THORNSBERRY, AND JOHN DOES 1-100 <br><br> DEFENDANTS. | CAUSE NO. 4:20-CV-00173-TWP-DML |

## DEFENDANT ROBERT FRY'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS

Defendant Robert Fry ("Fry") submits the following reply in further support of his motion to dismiss the complaint filed against him by Tyler Technologies, Inc. ("Tyler").

1. On September 29, 2020, Lexur Enterprises Inc. ("Lexur") filed its motion to dismiss Tyler's complaint (DN 29) and a supporting brief (DN 30). The arguments made therein are equally applicable to Fry, Lexur's Chief Financial Officer. Accordingly, Fry adopted and incorporated by reference those arguments in his own motion to dismiss (DN 31) and supporting brief (DN 32).

2. On January 18, 2021, Tyler responded to Lexur and Fry's motions to dismiss. (DN 58.)

3. On February 1, 2021, Lexur filed a reply in further support of its motion to dismiss addressing Tyler's response. (DN 64.) The arguments set forth in

Lexur's reply equally apply to Fry. For the purposes of judicial efficiency, Fry adopts and incorporates by reference Lexur's reply, including all legal arguments set forth therein. As applied to Fry, those arguments are, in brief, as follows:

    (a)    Tyler's Sherman Act claim against Fry should be dismissed because the complaint does not identify any actionable antitrust injury. Tyler's reply brief (1) identifies a hypothetical harm based on unpled facts that is insufficient to maintain a Sherman Act claim and (2) claims Tyler pled bid-rigging, which it did not actually do. Tyler's failure to allege anti-trust injury is fatal to its Sherman Act claim. (*See* DN 64 at I and II.)

    (b)    Tyler's Indiana antitrust law claim against Fry fails for the same reason as its federal claim: there is no "antitrust injury" for which Tyler may recover. (*See* DN 64 at III.)

    (c)    Tyler's claims against Fry for tortious interference fail because Tyler did not allege the required "absence of justification element." Tyler's reply similarly does not identify any wrongful or unlawful conduct that would support an actionable tortious interference claim under Indiana law. (*See* DN 64 at IV.)

    (d)    Finally, Lexur again acknowledges civil conspiracy is not a standalone claim. (DN 58 at p. 18.) Because Tyler's other tort claims against Fry fail, Tyler's civil conspiracy claim also fails. (*See* DN 64 at V.)

    4.    For the reasons set forth in Lexur's brief in support of its motion to dismiss (DN 29), supporting brief (DN 30), and reply (DN 64), and as further

explained in Fry's motion to dismiss (DN 31), supporting brief (DN 32), and reply, Tyler's claims against Fry should be dismissed.

WHEREFORE, Defendant Robert Fry respectfully requests the Court grant his Motion to Dismiss, with prejudice, and any and all other relief this Court deems just.

*Douglas B. Bates*
Douglas B. Bates, Bar No. 16355-10
Chelsea R. Stanley, Bar No. 32770-22
STITES & HARBISON PLLC
323 East Court Avenue
Jeffersonville, IN  47130
Telephone:  (812) 282-7566
Email:  dbates@stites.com
             cstanley@stites.com

COUNSEL FOR ROBERT FRY