**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

———————————————————————

|                                          |     |                              |
|------------------------------------------|-----|------------------------------|
| TYLER TECHNOLOGIES, INC.,                | )   |                              |
|                                          | )   |                              |
|     Plaintiff,       | )   |                              |
|                                          | )   |                              |
| v.                                       | )   | Case No. 4:20-cv-00173-TWP-DML |
|                                          | )   |                              |
| LEXUR ENTERPRISES INC., ROBERT FRY,      | )   |                              |
| JIMMY DAVIS, JOE THORNSBERRY,            | )   |                              |
| AND JOHN DOES 1-100                      | )   |                              |
|                                          | )   |                              |
|     Defendants.      | )   |                              |

———————————————————————

**DEFENDANT LEXUR ENTERPRISES INC.'S BRIEF IN SUPPORT OF**
**MOTION TO STAY DISCOVERY**

Defendant Lexur Enterprises Inc. ("Lexur"), by counsel in support of its Motion to Stay Discovery ("Motion"), states as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

Tyler Technologies, Inc. ("Tyler") filed its Complaint in this Court on August 10, 2020, alleging violations of federal and state antitrust law as well as claims for tortious interference (with contract and business relationships) and civil conspiracy against Lexur. (Dkt. 1).

On September 29, 2020, Lexur filed its Motion to Dismiss Plaintiff's Complaint along with an accompanying brief. (Dkt. 29, 30). Lexur's Motion to Dismiss, still pending before this Court, seeks dismissal of all counts of Plaintiffs' Complaint levied against Lexur. (*See* Dkt. 30). Specifically, Lexur's Motion to Dismiss argues that Tyler failed to allege an antitrust injury resulting from Lexur's alleged conduct. (Dkt. 30). Lexur further contends that Tyler's claims for both tortious interference with contract and business relationships should be dismissed because

Tyler has failed to either allege breaches of contract or illegal conduct underlying Lexur's alleged interference. (Dkt. 30). Defendants Jimmy Davis and Robert Fry both filed Motions to Dismiss either incorporating Lexur's arguments or making similar arguments to dismiss Plaintiffs' allegations of anti-trust violations and tortious interference claims. (*See* Dkt. 32, 34).

On February 10, 2021, Tyler served its First Set of Requests for Production to Lexur ("Tyler's First RFP," attached hereto as **Exhibit A**). Tyler's First RFP requests that Lexur produce substantial amounts of documents, including "all internal documents and communications from August 1, 2017 to present, concerning Lexur's business strategy for entering the Indiana market," all records showing "any phone calls, text message, or voice messages between Lexur" and a variety of parties, and all documents concerning the documents attached to Tyler's Complaint. (*See* Ex. A, pp. 8-9).

This is an instance in which a discovery stay is appropriate.  If Lexur's Motion to Dismiss is granted – and Lexur respectfully believes it should be – this lawsuit will be resolved in its entirety as to Lexur.  In light of that, Lexur should not be required to engage in expensive and time-consuming discovery that will result in Lexur being forced to disclose its confidential information and trade secrets to a direct competitor.  Lexur therefore respectfully requests that the Court grant a stay of all discovery until the Court has ruled on Lexur's pending motion to dismiss.

ARGUMENT

Under Federal Rule of Civil Procedure 26(c) and (d), this Court may limit the scope and sequence of discovery. *Nextstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, No. 1:11-CV-249, 2011 WL 4345432 at *2 (N.D. Ind. Sep. 15, 2011). District courts have extremely broad discretion to control discovery, including managing the timing, extent, frequency, and manner of

discovery. *Id*. (citing *Nixon v. Haag*, No. 1:09-cv00648-LJM-JMS, 2009 WL 2026343 at *2 (S.D. Ind. Jul. 7, 2009).

Although the filing of a motion to dismiss by itself does not mandate a stay of discovery, "[a] stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue of standing, jurisdiction, or qualified immunity." *Id*. Discovery concerns are particularly great in antitrust litigation, where discovery can quickly become enormously expensive and burdensome to defendants. *Id*. (citing numerous cases). That is why courts within this Circuit, relying on guidance from the Supreme Court, have consistently stayed discovery in antitrust litigation and other complex cases while considering a pending motion to dismiss. *See Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007)); *see also Coss v. Playtex Prod., LLC*, No. 08 C 50222, 2009 WL 1455358 at *4-5 (N.D. Ill. May 21, 2009). Accordingly, courts should "carefully consider the potential discovery needed in complex cases." *Id*. "If the case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed." *Id*.

This Court should stay discovery until after it rules on Lexur's Motion to Dismiss for three reasons. First, Lexur's pending Motion to Dismiss will resolve all claims made by Tyler against Lexur in their entirety. Second, Tyler's discovery requests to Lexur will not aide in Tyler's defense to Lexur's Motion to Dismiss. Tyler's claims against Lexur all have fatal errors that discovery will not correct. Finally, the discovery requests represent a substantial burden to Lexur, which will have to spend a substantial amount of time and effort retrieving and reviewing documents from a nearly five-year period. This burden is especially great considering the potentially confidential or trade secret protected information that Tyler is attempting to seek.

A.    LEXUR'S PENDING MOTION TO DISMISS CAN RESOLVE THIS MATTER IN ITS ENTIRETY

Lexur's Motion to Dismiss has the potential to eliminate all of Tyler's claims brought against Lexur, including all of the antitrust and tortious interference claims in this action. That potential warrants a stay of discovery in this matter.

Lexur's Motion to Dismiss will resolve a dispositive threshold issue: whether Tyler has sustained a valid "antitrust injury." (*See* Dkt. 30). Tyler's antitrust claims both rely on allegations involving competitive conduct by Lexur that resulted in lower prices to consumers. (Dkt. 30, pp. 6-8). "The antitrust-injury doctrine was created to filter out complaints by competitors and others who may be hurt by productive efficiencies, higher output, and lower prices, all of which the antitrust laws are designed to encourage." *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 627 (7th Cir. 2003). Should the Court find in Lexur's favor, and Lexur believes it should, then Counts I and II of Tyler's Complaint should be dismissed with prejudice. (*See* Dkt. 30, pp. 6-8); *James Cape & Sons Co. v. PCC Consotr. Co.*, 453 F.3d 396 (7th Cir. 2006) (dismissing antitrust claim with prejudice for failure to allege antirust injury).

Tyler's failure to allege a valid antitrust violation also renders its tortious interference claims subject to dismissal. (*See* Dkt. 30, pp. 8-12). For instance, without any antitrust violation to rely upon, Tyler fails to allege the illegal conduct required to sustain its tortious interference with business relationships claim. (Dkt. 30, p. 11). Tyler's tortious interference with contract claim fares no better, as Tyler has not shown any "wrongful" conduct carried out by Lexur to obtain the contracts from the Indiana Counties. (Dkt. 30, pp. 8-10). Tyler's Complaint makes clear that Lexur's activities were in furtherance of Lexur's legitimate business goals, (Dkt. 30, pp. 8-9). "One's privilege to engage in business and to compete with others implies a privilege to induce third persons to do either business with him rather than with his competitors." *Harvest Life Ins.*

4

*Co. v. Getche*, 701 N.E.2d 871, 877 (Ind. Ct. App. 1988). Both of Tyler's tort claims fail. With no underlying tort claim, Tyler's civil conspiracy claim must also fail. (Dkt. 30, pp. 12-13).

Lexur's Motion to Dismiss would eliminate all of Tyler's claims against Lexur based on a dispositive threshold issue, making a stay of discovery pending the resolution of that motion appropriate here. *Nextstar*, 2011 WL 4345432 at *3. This Court should therefore consider and rule upon Lexur's Motion to Dismiss before requiring the parties to engage in "burdensome and costly discovery."

### B.   ONGOING DISCOVERY IS UNLIKELY TO PRODUCE FACTS NECESSARY TO DEFEAT THE MOTION

Tyler's lack of standing due to its failure to allege an "antitrust injury" is clear from the face of its Complaint. Discovery therefore will not resolve this issue, making a stay appropriate. Tyler's discovery requests served upon Lexur makes this fact apparent.

A stay of discovery is also appropriate "where ongoing discovery is unlikely to produce facts necessary to defeat" a motion to dismiss. *Nextstar*, 2011 WL 4345432 at *2. As discussed *supra*, Tyler's Complaint fails to allege an antitrust injury. Tyler's discovery requests served upon Lexur will not produce any evidence that can change this fact. A majority of Tyler's requests seek communications between Lexur and the Indiana Counties. (*See* Ex. A, pp. 6-7). Tyler will not be able to identify any "harm to the marketplace" based on these documents, as Tyler has already alleged that the Indiana Counties received ***lower*** prices services from Lexur compared to Tyler. This pricing information is also publicly available. Any documents received by Tyler based on these requests would only further ***Lexur's*** argument on its Motion to Dismiss, i.e. lower prices to consumers cannot constitute an "antitrust injury" brought by an aggrieved competitor. *See James Cape*, 453 F.3d at 400-401. Going through the discovery process would therefore provide Tyler no additional facts it would need to defeat Lexur's Motion to Dismiss.

Tyler's discovery requests will similarly offer little value towards its tortious interference claims. As stated, *supra*, a party cannot allege tortious interference when the alleged "interference" was simply a party carrying out its legitimate business goals. *Harvest Life Ins.*, 701 N.E.2d at 877. Lexur's communications with the Indiana Counties or internal Lexur documents related to its bid preparations will only show Lexur attempting to competitively enter the southern Indiana market. Tyler has already conceded that Lexur's goal was to encourage the Counties "to award the cyclical reassessment contracts to Lexur," Tyler's "regional competitor." (Dkt. 1, ¶¶ 102, 2013). Tyler's discovery requests will, therefore, offer no evidence that will fix Tyler's failure to plead tortious interference with contract or tortious interference with business relationships. Accordingly, this Court should consider Lexur's Motion to Dismiss first before requiring the parties to engage in this discovery.

Tyler's proposed discovery will not uncover any facts that will fix its failure to state a claim upon which relief can be granted. The documents will not show any "antitrust injury" because none exists. Nor will those documents prove any "tortious interference" because Lexur was pursing its business goals. Lexur should therefore not bear the burden and expense of producing these documents that will only further reveal the futility of Tyler's claims. For these reasons, this Court should stay discovery until it has considered and ruled upon Lexur's Motion to Dismiss.

C.    TYLER'S DISCOVERY IS LIKELY TO BE BURDENSOME, EXPENSIVE, AND SEEK DISCOVERY OF LEXUR'S TRADE SECRETS

Finally, Tyler's discovery requests to Lexur represents a substantial burden, implicating numerous communications and other electronically stored documents over a years-long period. Lexur will be required to spend a significant amount of time and resources to produce these documents that have no bearing on whether Tyler has alleged an "antitrust injury." Furthermore, the requests implicate confidential and trade secret information.

Granting a stay of discovery is particularly appropriate in the present case. This case concerns antitrust claims, directly invoking the Supreme Court's concerns in *Twombly* about burdensome and expensive discovery. Tyler's Complaint alleges that Lexur and the remaining Defendants "undertook a series of steps over several weeks" to "secretly arrange for various Indiana counties to rebid work" away from Tyler and to Lexur. (Dkt. 1, ¶ 2). That alleged conduct concerns Lexur's employees' interactions with a variety of Indiana Counties' employees as well as Lexur's internal communications related to an entire geographic market. Accordingly, Tyler's First RFP seeks to discover an incredibly broad scope of documents, many of which require the identification and production of documents over a nearly five-year period. (*See* Ex. A). For example, Lexur seeks the following discovery:

- All communications between Lexur and "any person sitting on any County's Board of Commissioners" from January 1, 2020 to present;

- All documents concerning any bids submitted by Lexur to any of the Indiana Counties in 2020;

- All documents concerning the "Counties' consideration of Lexur for any cyclical reassessment contract" in 2020;

- All internal documents and communications from August 1, 2017 to present concerning Lexur's "business strategy for entering the Indiana market[.]"

(Ex. A, pp. 8-9).

That discovery represents a substantial burden on Lexur, who has already disclosed that the ESI implicated in this case "will inevitably involve the identification, review and production of a substantial volume of emails, text messages, and other documents; including metadata related to the 'planning calendars' and other documents identified in the Complaint." (Dkt. 26, p. 7). Like many other antitrust cases, the scope of discovery in this case will be both burdensome and expensive, warranting a stay pending the resolution of Lexur's Motion to Dismiss. *See Nextstar*, 2011 WL 4345432 at *3.

7

Additionally, Tyler's proposed discovery would potentially require Lexur to divulge confidential and trade secret information directly to its competitor. For instance, Tyler's First RFP seeks to discovery "all communications" shared between Lexur and its then-clients, potentially requiring Lexur to disclose confidential communications shared between it and its clients to its direct competitor. (*See* Ex. A, p. 7). Tyler's First Request for Production of Documents also seeks highly confidential communications shared between Lexur and the Indiana Department of Local Government Finance. (*Id*.). Perhaps most egregious are Request Nos. 17 and 25, which seek all documents "related to Lexur's bids" and all documents related to Lexur entering the Indiana market.  Through these Requests, Tyler seeks to discover the details, strategies and plans for how Lexur seeks to compete with Tyler in Indiana.

Tyler should not be permitted to use flimsy allegations to dig into a competitor's confidential and trade secret information. Lexur's burden to produce, redact, or defend its refusal to divulge trade secrets to Tyler represents the type of burden that a stay of discovery is designed to protect. *See DSM Desotech, Inc. v. 3D Systems Corp.*, 2008 WL 4812440 at *3 (N.D. Ill. 2008) (granting stay of discovery in antitrust case because discovery in antitrust cases, "in addition to being extensive, voluminous, and expensive to produce," also implicates "highly sensitive subject matter to turn over to one's competitor.").

This Court should also account for the discrepancy in size and resources between Tyler and Lexur. As Tyler itself alleged in its Complaint, Tyler "is the largest software company in the nation" with more than "26,000 successful installations across more than 10,000 sites" with clients at various international locations. (Dkt. 1, ¶ 13). Meanwhile, Lexur is a "regional competitor" of Tyler's which primarily focused on clients in Ohio before moving into the southern Indiana region. (Dkt. 1, ¶ 14). Tyler's discovery requests are a thinly-veiled attempt to impose substantially

burdensome document-collection obligations on Lexur under the guise of "discovery" for its futile antitrust claim. Although a corporation the size of Tyler may be able to devote significant resources to a discovery process like this, the demands imposed by Tyler on a small regional competitor like Lexur create an undue burden on Lexur to sort through a substantial amount of correspondence and documents just to produce evidence of its own innocence. That inequitable power dynamic, coupled with the confidential business information implicated by Tyler's requests, favors a stay of discovery in this case.

This case implicates the exact concerns addressed by the Supreme Court in *Twombly*: should discovery proceed, Lexur would "be forced to conduct expensive pretrial discovery in order to demonstrate the groundlessness of [Tyler's] claim." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008) (construing *Twombly*, 550 U.S. at 559). Accordingly, this Court should exercise its broad discretion in controlling discovery by staying all discovery in this case until this Court can determine whether Tyler has satisfied the threshold issue of establishing an "antitrust injury."

## CONCLUSION

For these reasons, this Court should enter an Order staying all discovery pending the resolution of Lexur's Motion to Dismiss.

Respectfully submitted,

LEWIS WAGNER, LLP

By /s/A. Richard M. Blaiklock
A. RICHARD M. BLAIKLOCK, #20031-49
*Counsel for Defendant Lexur Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, a copy of the foregoing was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

Ann O. McCready
Vivek Randle Hadley
TAFT STETTINIUS &
HOLLISTER LLP
One Indiana Square
Suite 3500
Indianapolis, IN  46204
amccready@taftlaw.com
vhadley@taftlaw.com

Douglas B. Bates
Chelsea R. Stanley
STITES & HARBISON PLLC 323
East Court Avenue
Jeffersonville, IN 47130
dbates@stites.comcstanley@stites.com

Jennifer J. Nagle
Michael R. Creta
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
jennifer.nagle@klgates.com
michael.creta@klgates.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
Bonterra Building, Suite 200
3620 Blackiston Boulevard
New Albany, IN 47150
jlowe@k-glaw.com

John H. Haskin
Samuel Mark Adams
JOHN H. HASKIN &
ASSOCIATES, LLC
255 North Alabama
Second Floor
Indianapolis, IN  46204
jhaskin@jhaskinlaw.com
sadams@jhaskinlaw.com

/s/A. Richard M. Blaiklock
 A. RICHARD M. BLAIKLOCK

**LEWIS WAGNER, LLP**
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
Phone:   317-237-0500
Fax:       317-630-2790
rblaiklock@lewiswagner.com