# Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

_____
|   |   |
|---|---|
| TYLER TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 20-cv-00173 |
| | ) |
| LEXUR ENTERPRISES INC., ROBERT FRY, | ) |
| JIMMY DAVIS, JOE THORNSBERRY, | ) |
| AND JOHN DOES 1-100 | ) |
| | ) |
| Defendants. | ) |
_____)

## PLAINTIFF TYLER TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT LEXUR ENTERPRISES INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Tyler Technologies, Inc. ("Tyler"), by its undersigned attorneys, K&L Gates LLP, hereby requests that Defendant Lexur Enterprises Inc. ("Lexur") produce for inspection, examination, and copying at a mutually agreeable place and time, no later than thirty (30) days after service of these requests upon Lexur, any and all documents, communications, and objects requested herein that are in Lexur's possession, custody, or control, including, without limitation, those in possession, custody, or control of Lexur's agents, attorneys, or other representatives.

## DEFINITIONS

When used herein, the following terms shall have the meaning, and shall be interpreted, as set forth below:

1.  "Action" means the above-referenced lawsuit captioned *Tyler Technologies, Inc. v. Lexur Enterprises Inc., Robert Fry, Jimmy Davis, Joe Thornsberry and John Does 1-100*, Case

No. 20-cv-00173, which is pending in the United States District Court for the Southern District of Indiana.

2. "Complaint" means the Complaint filed in the Action on August 12, 2020.

3. "You," "Your," "Lexur" or "Defendant" means Lexur Enterprises Inc. and any related entities, including any corporate affiliates, agents, representatives, departments, or divisions, whether in the past or present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

4. "Tyler" means Tyler Technologies, Inc.

5. "Davis" means Jimmy Davis.

6. "Thornsberry" means Joe (Shane) Thornsberry.

7. "Fry" means Robert Fry, President and Chief Financial Officer of Lexur.

8. "Contracts" refers to any, all, or any combination of Tyler's 2018-2022 Cyclical Reassessment Contracts with the Indiana Counties of Dearborn, Floyd, Jackson, Jefferson, Ripley, or Switzerland, each individually a "Contract."

9. "Counties" means any, all, or any combination of the Indiana counties of Dearborn, Floyd, Jackson, Jefferson, Ripley, and Switzerland, each individually a "County."

10. "Document" and "Documents" refer to each and every document (as defined in Federal Rule of Civil Procedure 34) in your possession, custody, or control, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following: correspondence and drafts of correspondence; income tax returns, forms, schedules, or worksheets; inter- and intra-office memoranda; electronic mail; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures,

circulars, advertisements, or sales literature; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, reviews, or telephone conversations; purchase orders, quotations, estimates, invoices, bids, receipts, or acknowledgments, including the reverse sides of all such documents with printing, typing, or writing on the reverse sides; bills of lading and other shipping documents; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements, licenses, leases, or options; proposals; diaries, desk calendars, appointment books, or telephone call books; property valuations or appraisals, and their updates; affidavits, statements and depositions, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledgers, balance sheets, profit and loss statements, together with all adjustments to the same and all notes and memoranda concerning them; financial data; stock certificates and evidence of stock ownership; newspaper or magazine articles; pamphlets, books, texts, magazines, journals, and publications; notepads, tabulations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; drawings, designs, plans, specifications, or diagrams; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences, or interviews, whether in person or by telephone or by other means; work papers; printouts or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter, however produced, reproduced, or stored; government reports, regulations, filings, or orders; any other written, printed, typed, taped, recorded, or graphic matter; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing, and any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon.

The foregoing specifically includes information stored electronically, whether in a computer database or otherwise. A draft or non-identical copy of a document is a separate document within the meaning of this term.

11. "Communication" and "Communications" means any form of written or oral exchange of information between or among two or more persons, whether such contact was by chance, prearranged, formal, or informal.

12. The terms "any," "all," "every," and "each" shall each mean and include the others as necessary to bring within the scope of these requests all documents and information that might otherwise be construed to be outside of their scope.

13. The terms "referring to," "relating to," "concerning," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, or otherwise pertinent or relevant to the matter or any aspect thereof.

14. The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside of their scope.

15. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside of their scope.

## INSTRUCTIONS

1. In responding to these Requests, you shall furnish all documents and communications in your possession, custody, or control, as well as any documents and

communications in the possession, custody, or control of your agents, employees, representatives, accountants, experts, attorneys, or any other persons acting on your behalf.

2. Each Request is a request for the original of the final version of such document(s) and communications, although an identical copy may be produced when an original is not available, as well as any non-identical drafts or non-identical copies of such document(s) and communications, including those that are non-identical by reason of notations or markings on the copies.

3. A Request for any document or communication shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document or communications as well as any accompanying exhibits, enclosures, or attachments.

4. File folders with tabs or labels identifying documents and communications responsive to these Requests should be produced intact with such documents and communications.

5. Documents and communications that are attached to each other should not be separated.

6. The documents, communications, and objects requested herein are to be produced as they are kept in the usual course of business (or otherwise organized and labeled to correspond to the categories in the Request). For electronically stored information, responsive materials are to be produced in the form or forms in which they are ordinarily maintained, or in reasonably usable form or forms.

7. In the event that any document, communication, or object is not produced because the Request is claimed to be objectionable, please state with specificity the grounds for objecting

to the request, including the reasons for the objection and whether any responsive materials are being withheld on the basis of the proffered objection. An objection to part of a request must specify the part and permit inspection of the rest. Where a document, communication, or object is responsive to a Request that is not objected to, and is also responsive to a Request that is objected to, all portions of the document, communication, or object responsive to the Request to which there is no objection must be produced.

8. If a claim of privilege is asserted, in whole or in part, with respect to any document, communication, or object, you shall provide the information required by Local Civil Rule 26-1(b) of the Local Rules of the United States District Courts for the Southern District of Indiana.

9. If there are no documents responsive to a request, provide a written response so stating.

## DOCUMENT REQUESTS

**REQUEST NO. 1.**   For the period of January 1, 2020 to present, all communications between You and Davis regarding the Counties, the Contracts, Tyler, and/or Davis's employment, or potential employment, with Lexur.

**REQUEST NO. 2.**   For the period of January 1, 2020 to present, all communications between You and Thornsberry regarding the Counties, the Contracts, Tyler, and/or Thornsberry's employment, or potential employment with Lexur.

**REQUEST NO. 3.**   For the period of January 1, 2020 to present, all communications between You and any Tyler employee regarding the Counties, the Contracts, Tyler, and/or any Tyler employee's employment, or potential employment, with Lexur.

**REQUEST NO. 4.**   For the period of January 1, 2020 to present, all communications between You and Karen Mannix, Jefferson County Assessor, or any other employees of the Jefferson County Assessor's office.

**REQUEST NO. 5.**   For the period of January 1, 2020 to present, all communications between You and Stacey Matthews, Switzerland County Assessor, or any other employees of the Switzerland County Assessor's office.

**REQUEST NO. 6.**   For the period of January 1, 2020 to present, all communications between You and Shawna Bushhorn, Ripley County Assessor, or any other employees of the Ripley County Assessor's office.

**REQUEST NO. 7.**   For the period of January 1, 2020 to present, all communications between You and James Sinks, Floyd County Assessor, or any other employees of the Floyd County Assessor's office.

**REQUEST NO. 8.**   For the period of January 1, 2020 to present, all communications between You and Katie Kaufman, Jackson County Assessor, or any other employees of the Jackson County Assessor's office.

**REQUEST NO. 9.**   For the period of January 1, 2020 to present, all communications between You and Megan Acra, Dearborn County Assessor, or any other employees of the Dearborn County Assessor's office.

**REQUEST NO. 10.**   For the period of January 1, 2020 to present, all communications between Lexur and any person sitting on any County's Board of Commissioners.

**REQUEST NO. 11.**   For the period of January 1, 2020 to present, all communications between Lexur and the Indiana Department of Local Government Finance concerning or referencing the Counties or the Contracts.

**REQUEST NO. 12.**  Copies of any bids submitted by Lexur to any of the Counties in 2017 concerning the Counties' 2018-2022 cyclical reassessment services contracts.

**REQUEST NO. 13.**  Copies of any bids submitted by Lexur to any of the Counties in 2020.

**REQUEST NO. 14.**  All documents concerning any bids submitted by Lexur to any of the Counties in 2020.

**REQUEST NO. 15.**  All documents concerning any of the Counties issuing a notice to bidders or a request for bids for cyclical reassessment services in 2019 or 2020.

**REQUEST NO. 16.**  All documents concerning any of the Counties terminating their Contracts with Tyler.

**REQUEST NO. 17.**  All documents concerning any of the Counties' consideration of Lexur for a cyclical reassessment contract in 2020.

**REQUEST NO. 18.**  All documents concerning any contracts awarded to Lexur by the Counties in 2020.

**REQUEST NO. 19.**  All documents, including drafts, versions, notes, or correspondence, concerning the documents attached as Exhibits B-F to the Complaint filed in the above-captioned action.

**REQUEST NO. 20.**  Any employment application and/or submission, including but not limited to cover letters or resumes, that were sent or submitted to Lexur by Davis or Thornsberry in 2019 or 2020.

**REQUEST NO. 21.**  All documents concerning any potential employment for, or offer of employment to, Davis or Thornsberry in 2019 or 2020.

**REQUEST NO. 22.**  All records logging, listing, or memorializing any phone calls, text messages, or voice messages between Lexur (including any of its employees) and any of Davis, Thornsberry, any Tyler employees, any employee or representative of the Counties, any person on any of the Counties' Boards of Commissioners, or the Indiana Department of Local Government Finance, from January 1, 2020 to present.

**REQUEST NO. 23.**  All communications between Lexur (including any of its employees) and jdavisdsl@frontier.com, from January 1, 2020 to present.

**REQUEST NO. 24.**  All communications between Lexur (including any of its employees) and shanethornsberry@gmail.com, from January 1, 2020 to present.

**REQUEST NO. 25.**  All internal documents and communications from August 1, 2017 to present, concerning Lexur's business strategy for entering the Indiana market by displacing Tyler from Tyler's preexisting cyclical reassessment contracts with any counties or townships in Indiana.

        Respectfully submitted,

        */s/ Ann O'Connor McCready*
        Ann O'Connor McCready (Ind. Atty. No. 32836-53)
        amccready@taftlaw.com
        Vivek R. Hadley (Ind. Atty. No. 32620-53)
        vhadley@taftlaw.com
        Taft Stettinius & Hollister LLP
        One Indiana Square, Suite 3500
        Indianapolis, Indiana 46204
        Telephone: (317) 713-3500
        Fax: (317) 713-3699

        Jennifer J. Nagle (MA Bar No. 669325) (*pro hac vice*)
        jennifer.nagle@klgates.com
        Michael R. Creta (MA Bar No. 693340) (*pro hac vice*)
        michael.creta@klgates.com
        K&L GATES LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA 02111
        Telephone: (617) 261-3100
        Fax: (617) 261-3175

        *Counsel for Tyler Technologies, Inc.*

Dated: February 10, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2021, a copy of the foregoing document titled ***Plaintiff Tyler Technologies, Inc.'s First Set of Requests for Production to Defendant Lexur Enterprises Inc.*** was served on the following counsel of record by first class mail and e-mail:

A. Richard M. Blaiklock
Aaron D. Grant
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
rblaiklock@lewiswagner.com
agrant@lewiswagner.com

*Counsel for Lexur Enterprises Inc.*

         */s/ Ann O'Connor McCready*
         Ann O'Connor McCready (Ind. Atty. No. 32836-53)