# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

|  |  |
|---|---|
| TYLER TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00173-TWP-DML |
| ) | |
| LEXUR ENTERPRISES INC., ROBERT FRY, ) | |
| JIMMY DAVIS, JOE THORNSBERRY, ) | |
| AND JOHN DOES 1-100 ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT LEXUR ENTERPRISES INC.'S MOTION FOR INTITIAL EXTENSION OF TIME TO RESPOND TO DISCOVERY

Defendant Lexur Enterprises Inc. ("Lexur"), by counsel pursuant to S.D. Ind. L.R. 6-1(c), hereby submits this Motion for Extension of Time to Respond to Discovery. In support, Lexur states:

1. On August 10, 2020, Plaintiff Tyler Technologies, Inc. ("Tyler") filed its Complaint alleging violations of federal and state antitrust law as well as state law claims for tortious interference with contract, tortious interference with business relationships, and civil conspiracy against Lexur. (Dkt. 1).

2. On September 29, 2020, Lexur filed its Motion to Dismiss Plaintiff's Complaint along with an accompanying brief. (Dkt, 29, 30). If successful, Lexur's Motion to Dismiss would dismiss all claims against Lexur. This Court has yet to rule on Lexur's Motion.

3. On February 10, 2021, Tyler served its First Set of Requests for Production to Lexur, seeking numerous documents concerning Lexur's business plans, strategies, and correspondence with clients.

4. Pursuant to Fed. R. Civ. Pr. 34(b)(2)(A), Lexur has thirty (30) days, or until March 12, 2021, to respond to Tyler's First Set of Requests for Production.

5. Lexur's pending Motion to Dismiss would eliminate all claims against it by Tyler. Accordingly, Lexur filed its Motion to Stay Discovery pending the resolution of Lexur's Motion to Dismiss, asserting that Tyler's discovery requests present an undue burden that could be avoided should this Court dismiss all claims against Lexur. (Dkts. 70, 71). This Court has yet to rule on Lexur's Motion to Stay Discovery.

6. Because Lexur's Motion to Stay Discovery is still pending, Lexur seeks to invoke the initial twenty-eight (28) day initial extension of time to respond to Tyler's discovery requests pursuant to Local Rule 6-1.

7. Lexur has good cause to seek an extension. Requiring Lexur to respond to Tyler's First Request for Production would interfere with the essential purpose of Lexur's Motion to Stay Discovery and, for the reasons set forth in Lexur's Brief in Support of its Motion to Stay Discovery[1], would create an undue burden on Lexur.

8. This Court should therefore grant Lexur a twenty-eight (28) day extension of time up to April 10, 2021 to respond to Tyler's First Set of Requests for Production while it considers Lexur's Motion to Stay Discovery.

9. Subsection (a) of Local Rule 6-1 does not apply because, following consultation between counsel, Tyler's counsel believes that the requested extension will interfere with the

---

[1] Lexur incorporates the arguments made in its Brief in Support of its Motion to Stay Discovery (Dkt. 71) by reference herein.

2

current deadline of April 30, 2021 for Tyler to disclose any expert witnesses it wishes to use and the June 10, 2021 fact discovery deadline as well.

10. Tyler does not object to Lexur's request for an initial 28-day extension of time, subject to the understanding that such an extension will require amendment to the Case Management Plan and certain of its deadlines, including the expert disclosure and fact discovery deadlines.

WHEREFORE, Defendant Lexur Enterprises, Inc., by counsel, respectfully requests that this Court enter an Order granting Lexur an extension of time up to April 10, 2021 to respond to Tyler's First Request for Production.

Respectfully submitted,

LEWIS WAGNER, LLP

By /s/A. Richard M. Blaiklock
A. RICHARD M. BLAIKLOCK, #20031-49
*Counsel for Defendant Lexur Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

| | |
|---|---|
| Ann O. McCready<br>Vivek Randle Hadley<br>TAFT STETTINIUS & HOLLISTER LLP<br>One Indiana Square<br>Suite 3500<br>Indianapolis, IN 46204<br>amccready@taftlaw.com<br>vhadley@taftlaw.com | Douglas B. Bates<br>Chelsea R. Stanley<br>STITES & HARBISON PLLC 323<br>East Court Avenue<br>Jeffersonville, IN 47130<br>dbates@stites.com cstanley@stites.com |
| Jennifer J. Nagle<br>Michael R. Creta<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>jennifer.nagle@klgates.com<br>michael.creta@klgates.com | R. Jeffrey Lowe<br>KIGHTLINGER & GRAY, LLP<br>Bonterra Building, Suite 200<br>3620 Blackiston Boulevard<br>New Albany, IN 47150<br>jlowe@k-glaw.com |
| John H. Haskin<br>Samuel Mark Adams<br>JOHN H. HASKIN & ASSOCIATES, LLC<br>255 North Alabama<br>Second Floor<br>Indianapolis, IN 46204<br>jhaskin@jhaskinlaw.com<br>sadams@jhaskinlaw.com | |

                                              /s/A. Richard M. Blaiklock
                                                A. RICHARD M. BLAIKLOCK

**LEWIS WAGNER, LLP**
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
Phone: 317-237-0500
Fax: 317-630-2790
rblaiklock@lewiswagner.com