# EXHIBIT A

Case 4:20-cv-00173-TWP-DML Document 37-1 Filed 03/15/21 Page 2 of 6 PageID #: 2
Case 4:18-cv-00124-RLY-DML Document 43 Filed 12/05/18 Page 1 of 5 PageID #: 322
&lt;pageID&gt;

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| PROXIMO DISTILLERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00124-RLY-DML |
| | ) | |
| CITY OF LAWRENCEBURG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## Order on Motion to Stay Discovery

The defendants seek a stay of discovery pending the court's ruling on their motion to dismiss the amended complaint filed by plaintiff Proximo Distillers, LLC. As discussed below, the court determines that discovery should not be stayed.

## Case Background

The court's factual recitation here is gleaned from the allegations of the plaintiff's amended complaint. It does not constitute findings by the court but gives context to the issues presented by the motion to stay. Further, the court credits Proximo's allegations in ruling on the motion to stay—the motion to stay is predicated on the defendants' motion to dismiss, which must assume the allegations of the plaintiff's amended complaint.

Proximo owns and operates a distillery in the City of Lawrenceburg. Its operations result in the discharge of wastewater into sewers owned/managed by the City and Lawrenceburg Municipal Utilities ("LMU"). The City, LMU, and various City officials in their official capacities are the defendants.

Broadly, the case concerns whether the City and its utility have used a flawed sampling system to measure the pH level of wastewater discharged by Proximo into the City sewer and, based on that alleged flawed system, have wrongfully sought to collect fines or surcharges and required Proximo to pay for a "redundant" sampling station. Proximo asserts that it is entitled to a refund of fines or surcharges it already has paid and a declaration that it does not owe any additional fines or surcharges based on the alleged flawed sampling system, including any charges related to the defendants' installation and maintenance of the alleged flawed sampling station itself. Proximo's legal theories sound in unjust enrichment and negligence.

## The Motion to Dismiss

The defendants' motion to dismiss seeks the dismissal of all claims on the grounds that: (1) the claims are barred because the plaintiff did not comply with the Indiana Tort Claims Act by (a) failing to serve a notice within 180 days of the alleged date of loss and (b) filing suit sooner than 90 days after serving a notice; (2) the defendants are immune from suit under the ITCA because the claims concern discretionary enforcement decisions and, as to the individual defendants, they are not subject to suit because their actions are alleged to have been done in the course of employment; and (3) the claim for a declaratory judgment is improper because it relates to past events.

2

With this background regarding the factual predicate of Proximo's claims and the broad outline of the defendants' motion to dismiss, the court now evaluates the defendants' motion to stay discovery.

## Analysis of Motion to Stay Discovery

The court has broad discretion to control discovery, including the discretion to stay discovery pending decision on a motion that seeks to dismiss a case entirely or to substantially limit its scope. *E.g., Jones v. City of Elkhart,* 737 F.3d 1107, 1115 (7th Cir. 2013) ("[D]istrict courts enjoy extremely broad discretion in controlling discovery."); Fed. R. Civ. P. 26(c) (permitting court to specify terms for discovery to protect a party from undue burden or expense). The defendants argue that their motion to dismiss should result in the dismissal of all claims and in the meantime, they should be spared the expense of participating in discovery.

The defendants' arguments in support of a stay in their initial brief are generic and superficial—they could be made in any lawsuit where a defendant asks for a stay of discovery because it has filed a motion to dismiss. But this court has no general policy of staying discovery when a motion to dismiss is filed. And the filing of a motion to dismiss does not trigger any presumption that discovery will be stayed. Rather, the court's decision whether to enter a stay depends entirely on the circumstances of the particular case.

Two factors in particular convince the court that a stay of discovery is not appropriate. First, the defendants have not described any particular discovery requests they contend are unduly burdensome—they merely contend that all efforts

3

by them to respond to any discovery is too much to ask. It appears to the court, however, that the events described in the plaintiff's amended complaint cover a relatively narrow time frame in the very recent past. It seems likely, therefore, that work necessary to identify persons and places likely to hold discoverable information and to gather information will not be an unduly burdensome task. The court does not prevent the defendants (or the plaintiff, for that matter) from seeking to delay certain relatively expensive discovery tasks, such as the work of experts, while the motion to dismiss remains pending, but the pendency of that motion is not sufficient to delay basic written discovery requests and responses.

Second, the court weighs the potential benefits of a stay with the likelihood that awaiting a ruling on the motion to dismiss will indeed cause those benefits to be realized. In other words—though the magistrate judge does not and will not decide the pending motion to dismiss—it is appropriate to consider how likely the motion is to be dispositive of the parties' disputes. It appears to the magistrate judge that the defendants' arguments may trudge uphill. In other words, the magistrate judge is not convinced that the dismissal arguments are so strong that the case should be put on hold in its entirety while the motion to dismiss is pending.

## Conclusion

For the foregoing reasons, the defendants' motion (Dkt. 29) to stay discovery is DENIED.

So ORDERED.

4

Case 4:20-cv-00173-TWP-DML Document 77-1 Filed 03/15/21 Page 6 of 6 PageID #:
Case 4:18-cv-00124-RLY-DML Document 43 Filed 12/05/18 Page 5 of 5 PageID #: 326
&lt;pageID&gt;

Dated: December 5, 2018

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system