UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

|  |  |  |
|---|---|---|
| TYLER TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:20-cv-00173-TWP-DML |
| LEXUR ENTERPRISES INC., ROBERT FRY, AND JOHN DOES 1-100 | ) ) ) ) | |
| Defendants. | ) ) | |

## **REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendant Lexur Enterprises Inc. ("Lexur"), by counsel and in Reply in Support of its Motion to Stay Discovery (Dkt. 68), hereby states as follows:

### INTRODUCTION

This lawsuit was originally filed by Tyler Technologies, Inc. ("Tyler") because Lexur secured the cyclical assessment contracts for five southern Indiana counties. Unhappy with the entry of a smaller competitor into the Indiana marketplace, Tyler engaged in a campaign to use its financial and legal might to force Lexur to retreat. Tyler's campaign included not only this lawsuit, but also formal complaints to the state agency overseeing county contracting, and threatening the counties themselves with lawsuits. Although the State found that county bids awarded to Lexur complied with state statute, Tyler's campaign of intimidation was successful. All five counties revoked the contracts awarded to Lexur and awarded them to Tyler. **Accordingly, this lawsuit concerns contracts that Tyler did not ultimately lose.**

Unsatisfied with its victory, Tyler continues to pursue a lawsuit in which it not only lacks cognizable damages, but in which it has failed to plead viable claims. Tyler now wants to use this lawsuit as a vehicle to obtain information regarding Lexur's – its direct competitor's – "business strategy" for Indiana.

The Court has broad discretion to control discovery, as even Tyler concedes. Lexur respectfully requests that the Court exercise that discretion to stay discovery and prevent Tyler from using this lawsuit as part of its broader efforts to keep Lexur out of the Indiana marketplace.

**ARGUMENT**

As outlined in Lexur's Brief in Support of its Motion to Stay (Dkt. 71), it is appropriate for the Court to stay discovery where: (1) a motion to dismiss can resolve the case; (2) ongoing discovery is unlikely to produce facts necessary to defeat the motion; or (3) the motion raises a potentially dispositive threshold issue of standing, jurisdiction, or qualified immunity. *Nextstar Broadcasting Inc. v. Granite Broadcasting Group*, No. 1:11-CV-249, 2011 WL 4345432 at *2 (N.D. Ind. Sep. 15, 2011). All three circumstances exist in this case.

    **A.    Lexur's Motion to Dismiss Both Is Potentially Dispositive and Likely to Succeed**

Tyler makes no argument that Lexur's Motion to Dismiss, if granted, would not resolve all claims Tyler has brought against Lexur. Nor can Tyler make such an argument; Lexur's motion provides grounds for dismissal of all claims against it. That alone provides sufficient reason for this Court to grant a stay in Lexur's favor. *See Nextstar*, 2011 WL 4345432 at *2 (N.D. Ind. Sep. 15, 2011) (providing that "[a] stay is appropriate where the motion to dismiss can resolve a case . . .").

Despite decrying Lexur's Motion to Stay as a "predictable expression of confidence" in Lexur's Motion to Dismiss, Tyler spends a considerable portion of its Response re-asserting the

2

same arguments contained in its Response in Opposition to Lexur's Motion to Dismiss (Dkt. 58). Lexur summarized its arguments in its Brief in Support of Motion to Stay only to show how Lexur's pending Motion to Dismiss would eliminate all claims brought against it. (*See* Dkt. 71, p. 5 ("Lexur's Motion to Dismiss would eliminate all of Tyler's claims against Lexur based on a dispositive threshold issue, making a stay of discovery pending the resolution of that motion appropriate here.")).

Although this Court should account for the merits of Lexur's Motion to Dismiss (and the merits favor a dismissal of Tyler's claims), this Court should primarily take into consideration the fact that Lexur's Motion to Dismiss could eliminate all claims against it by Tyler, which Tyler does not refute. Requiring Lexur to spend significant time and resources identifying, reviewing, and producing documents only to have this Court find that Tyler has not stated any viable claims against Lexur would result in substantial waste of both parties' resources. That is why Courts consider the potentially dispositive nature of a pending motion to dismiss when considering a motion to stay. *Nextstar*, 2011 WL 4345432 at *3. Because Lexur's Motion to Dismiss would eliminate all claims against it raised by Tyler, this Court should stay discovery pending the resolution of that motion.

Tyler also argues that a stay would be inappropriate because it should be granted an opportunity to amend its pleadings in the event this Court denies Tyler's claims. (Dkt. 77, p. 7). However, in instances where a party fails to plead an antitrust injury, dismissal with prejudice is the appropriate type of dismissal. *See James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 401 (7th Cir. 2006) (affirming dismissal of antitrust claim that failed to plead antitrust injury with prejudice). Lexur has sought such relief in its Motion to Dismiss. (*See* Dkt. 29). That distinguishes the present case from *Red Barn Motors*, cited by Tyler in its Response, which held that a stay in

that constructive fraud case would be inappropriate because "[d]ismissal for failing to plead fraud with particularity is generally without prejudice . . . ." *Red Barn Motors, Inc. v. Cox Enterprises, Inc*, No. 1:14-cv-01589-TWP-DKL, 2016 WL 1731328 at *2 (S.D. Ind. May 2, 2016).

Moreover, dismissal of Tyler's antitrust claims has a cascading effect that will result in dismissal of its remaining claims. This is not an instance where Tyler has failed to plead its claims with particularity. Rather, Tyler's own allegations establish that it lacks standing to bring an antitrust claim because Lexur's alleged misconduct did not result in an "antitrust injury." Without an antitrust claim, Tyler's remaining claims also fail.

Even though the merits of Lexur's Motion to Dismiss favor finding in Lexur's favor, the Court need not determine the merits in order to grant Lexur's Motion to Stay. Instead, this Court should assess only whether the dismissal sought by Lexur raises dispositive issues that would eliminate all of Tyler's claims against Lexur. Lexur's Motion to Dismiss does just that which, if granted, would subject Tyler to dismissal with prejudice. For these reasons, this Court should grant a stay of discovery in this case pending the resolution of Lexur's motion.

### B. Additional Evidence Will Not Transform Tyler's Alleged Personal Injury Into a Viable Antitrust Injury

Tyler's Response argues that additional discovery will provide evidence of Lexur's alleged "conspiracy" to secure the contracts Tyler currently holds. (Dkt. 77, pp. 8-9). That argument misses the point. Lexur's Motion to Dismiss is not based upon the absence of a conspiracy (although there was not one). It is based on the admitted absence of antitrust injury. Nothing in Tyler's discovery requests will alter the fact that – as Tyler itself has pled – the alleged conspiracy had pro-competitive, not anti-competitive, effects.

Furthermore, Tyler's Complaint already attached exhibits purporting to demonstrate the alleged conspiracy. Any additional documents Tyler may receive from Lexur would be duplicative

4

of the "evidence" Tyler has already attached to its Complaint. Tyler's Complaint already relies upon exhibits to state its antitrust, tortious interference, and conspiracy claims. This Court should first consider whether those documents do in fact support Tyler's claims – and whether there is an actual antitrust injury – before imposing the burden on Lexur to search for and produce other similar documents.

This Court's determination of Lexur's Motion to Dismiss can be resolved without supplemental documents provided by Lexur. And discovery will not change the fact that Tyler has not suffered any antitrust injury. Accordingly, this Court should stay discovery until it can determine the viability of Tyler's claims and evidence already attached to its Complaint.

### C. Lexur Has Consistently Shown the Burden Imposed By Tyler's Discovery Requests

Tyler's argument that its discovery requests "do not impose a burden on Defendants" is similarly without merit. (Dkt. 77, p. 10).

Tyler's Response argues that the party seeking a discovery stay must provide extrinsic evidence of the burdensome nature of the opposing party's discover in order to obtain a stay. (Dkt. 77, pp. 11-12). Tyler primarily relies on two cases in support of this conclusion. Because neither case involved antitrust claims, they have no application here.

In *U.S. ex rel. Robinson v. Indiana University Health Inc.*, the court found that the party seeking a stay pending the dismissal of a False Claims Act complaint objected to only one pending request, and that request only sought a single report. No. 1:13-cv-02009-TWP-MJD, 2015 WL 3961221 at *5 (S.D. Ind. Jun. 30, 2015). In contrast, Lexur has identified multiple requests that implicate a substantial number of documents and electronically stored information maintained by multiple custodians, easily distinguishing *Robinson*. Moreover, unlike *Robinson*, the issue here is not only the quantity of information sought by Tyler, but the *nature* of it. Unlike *Robinson*, this is

5

a direct case involving competitors competing for the same clients in the same marketplace. Tyler's requests seek information and documents regarding its direct competitor's business strategy. This is why antitrust cases are different. Requiring a competitor to satisfy the minimal pleading standards to state a claim should be the bare minimum requirement before it is permitted to look under the hood of its direct competitor's business strategy and plan. Accordingly, *Robinson* is wholly inapposite.

Similarly, in *Castrillon v. St. Vincent Hops. & Health Care Ctr., Inc.*, the court denied a motion to stay because: (1) the pending motion to dismiss faced a "trudge uphill" in the view of Judge Lynch; (2) even if successful, the pending motion to dismiss would not resolve all claims; and (3) the moving party failed to identify any discovery requests which would be burdensome. No. 1:11-cv-00430-WTL-DML, 2011 WL 4538089 at *2 (S.D. Ind. 2011). Lexur has clearly identified the requests which will impose a substantial burden, quoting them verbatim in its Brief in Support of Motion to Stay. (Dkt. 71, p. 7). Additionally, unlike in *Castrillon*, Lexur's Motion to Dismiss does not face a "trudge uphill" and would dispose of all pending claims. Furthermore, as set forth *supra*, *Castrillon* did not involve requests that one competitor disclose its business strategies to another.

Instead, this Court should examine how other courts have treated burdensome discovery in antitrust cases. *Nextstar*, 2011 WL 4345432 at *2 (N.D. Ind. Sep. 15, 2011); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440 at *2 (N.D. Ill. Oct. 28, 2008) ("As the Supreme Court, the Seventh Circuit, and this court have all recognized, discovery in *any* antitrust case can quickly become enormously expensive and burdensome to defendants." (emphasis in original); *Lupia v. Stella D'Oro Biscuit Co.*, 586 F.2d 1163, 1167 (7th Cir. 1978) (acknowledging that "antitrust trials often encompass a great deal of expensive and time consuming discovery.").

6

Tyler's burdensome discovery requests seeking documents evidencing numerous conversations with numerous individuals over an extended period of time implicate the type of "enormously expensive" discovery costs which Lexur should not be forced to bear before a determination that Tyler has, in fact, sufficiently pled meritorious claims.

Contrary to Tyler's arguments, Lexur does not attempt to "cast a wide net" and posit that all antitrust cases automatically warrant a stay of discovery while a motion to dismiss is pending. Instead, Lexur's Motion to Stay clearly argues that Tyler's First Request for Production, like many discovery requests in antitrust cases, is especially burdensome and costly to Lexur. *See Coss v. Playtex Products, LLC*, No. 08 C 50222, 2009 WL 1455358 at *3 (N.D. Ill. May 21, 2009) ("[I]f the complex case is one susceptible to the burdensome and costly discovery contemplated by *Bell Atlantic* and *Iqbal*, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed."). Lexur has always taken this position, asserting consistently that the facts alleged in this case inherently require substantial time, effort, and expense to produce. (*See* Dkt. 26 (providing that the ESI in this case "will inevitably involve the identification, review, and production of a substantial volume of emails, text message, and other documents; including metadata related to the 'planning calendars' and other documents identified in the Complaint.")).

Tyler's written requests only reinforced Lexur's position, seeking large swaths of documents and communications exchanged between Lexur and numerous other parties in addition to over three years' worth of internal documents and communications concerning Lexur's "business strategy." (Dkt. 71, Ex. A, pp. 8-9). These requests are far from "relatively narrow" and represent the kind of burden which a stay of discovery could avoid. Those broad requests combined with the size disparity between the parties, requiring Lexur to expend a significantly greater portion

7

of its resources to discovery compared to Tyler, both indicate that Tyler's burdensome discovery should be stayed until this Court can determine the viability of Tyler's claims.

### D. A Stay Will Not Prejudice Tyler

Tyler's Response makes a conclusory claim for "prejudice" resulting from a stay in this case. However, Tyler offers no argument as to how it would be prejudiced. Tyler simply cites to one case which holds that "the passage of time tends to erode proof of claims and damages." (Dkt. 77, p. 15 (quoting *CMG Worldwide Inc. v. Adidas America, Inc.*, Case No. 1:17-cv-2356-RLM-DML, 2018 WL 7140117 at *3 (S.D. Ind. Sep. 26, 2018)). Tyler makes no assertion that any delay in the proceedings in this case would harm its ability to prove its case. Prejudice does not exist where the requested discovery can be obtained after the stay is lifted if so warranted. *See, e.g., Dillinger, LLC v. Electronic Arts, Inc.*, No. 1:09-cv-01236-SEB-JMS, 2010 WL 1945739 (S.D. Ind. May 11, 2010).

Nor does Tyler attempt to explain why, if discovery was such a pressing issue, it waited *six months* after filing its Complaint – and almost two full months after the unsuccessful settlement conference – to serve discovery requests on Lexur. To the extent there is a delay in moving this case forward, Tyler's delay in serving discovery requests surely merits assigning Tyler itself some of the responsibility.

Unlike Lexur, who will be substantially burdened by the cumbersome discovery sought in this case, Tyler will sustain no prejudice from a stay of discovery in this case pending this Court's ruling on Lexur's Motion to Dismiss.

### CONCLUSION

For the foregoing reasons, Lexur's Motion to Stay Discovery should be granted and discovery in this antitrust litigation should be stayed pending the Court's ruling on Lexur's pending Motion to Dismiss.

           Respectfully submitted,

           LEWIS WAGNER, LLP


           By <u>/s/Aaron D. Grant</u>
           A. RICHARD M. BLAIKLOCK, #20031-49
           AARON D. GRANT, #25594-49
           *Counsel for Defendant Lexur Enterprises, Inc.*

## CERTIFICATE OF SERVICE

 I hereby certify that on March 22, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

| | |
|---|---|
| Ann O. McCready<br>Vivek Randle Hadley<br>TAFT STETTINIUS & HOLLISTER LLP<br>One Indiana Square<br>Suite 3500<br>Indianapolis, IN  46204<br>amccready@taftlaw.com<br>vhadley@taftlaw.com | Douglas B. Bates<br>Chelsea R. Stanley<br>STITES & HARBISON PLLC 323<br>East Court Avenue<br> Jeffersonville, IN 47130<br>dbates@stites.comcstanley@stites.com |
| Jennifer J. Nagle<br>Michael R. Creta<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA  02111<br>jennifer.nagle@klgates.com<br>michael.creta@klgates.com | R. Jeffrey Lowe<br>KIGHTLINGER & GRAY, LLP<br>Bonterra Building, Suite 200<br>3620 Blackiston Boulevard<br>New Albany, IN 47150<br>jlowe@k-glaw.com |
| John H. Haskin<br>Samuel Mark Adams<br>JOHN H. HASKIN & ASSOCIATES, LLC<br>255 North Alabama<br>Second Floor<br>Indianapolis, IN  46204<br>jhaskin@jhaskinlaw.com | |

sadams@jhaskinlaw.com

/s/Aaron D. Grant
AARON D. GRANT

**LEWIS WAGNER, LLP**
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-6150
Phone:   317-237-0500
Fax:       317-630-2790
rblaiklock@lewiswagner.com
agrant@lewiswagner.com