UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TYLER TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00173-TWP-DML |
| | ) |
| LEXUR ENTERPRISES INC., | ) |
| ROBERT FRY, | ) |
| JOHN DOES 1-100, | ) |
| | ) |
| Defendants. | ) |

Order on Motion to Stay Discovery (Dkt. 68)
and Defendant Fry's Motions to Join (Dkts. 72 and 81)

Defendants Lexur Enterprises, Inc. and Robert Fry move to stay discovery pending resolution of their motions to dismiss the plaintiff's complaint.[1] Plaintiff Tyler Technologies, Inc. objects to a stay. As explained below, the court DENIES the motion to stay.

**Case Background**

The court's factual recitation is gleaned from the allegations of the plaintiff's complaint. It does not constitute findings by the court but gives context to the issues presented by the motion to stay. Further, the court credits the allegations in Tyler's complaint in ruling on the motion to stay because the stay motion is

---

[1] Defendant Robert Fry moved to join Lexur's motion to dismiss and to join in Lexur's reply brief. The court GRANTS Mr. Fry's motions to join, at Dkts. 72 and 81.

predicated on the motions to dismiss, for which the court must assume the truth of the complaint's allegations.

This case concerns real estate property assessments by Indiana counties. County assessors are required to inspect physically and reassess the value of all real property within their counties over the course of four-year cycles. Many assessors contract with private entities to assist with that work, and those contracts are subject to Indiana contract bidding laws. Those laws generally require the counties to advertise for bids and to select the winning bidder according to certain rules. Plaintiff Tyler Technologies and defendant Lexur Enterprises are competitors that seek to contract with counties for the assessment work. In general, counties contract with entities such as Tyler and Lexur for a four-year term coinciding with the four-year reassessment cycles and advertise via requests for bids on a new four-year contract in the last year of the preceding term.

Tyler was awarded four-year term contracts for the 2018-2022 cycle with several Indiana counties (hereafter, the "Indiana Counties" or "Counties") and expected that the contracts would be advertised for new bidding in 2021 to cover the 2022-2026 cycle.

Tyler alleges that Luxur and its president and CFO (defendant Robert Fry) conspired with two of Tyler's employees, Messrs. Jim Davis and Joe Thornberry,[2] who were Tyler's primary contacts with the Indiana Counties, to persuade the

---

[2] Messrs. Davis and Thornberry were defendants, but each settled with Tyler and have been dismissed.

Counties to advertise for new bids out of the usual cycle, in a manner that gave minimal notice and an unusually short turnaround time, and for a period covered by Tyler's current contracts with the Counties. It labels this conduct the "Rebid Conspiracy." Tyler alleges that the very reason for the new and unusual bidding requirements was to steer contracts to Lexur as it expected to be the lone entity ready and able to meet the new requirements. It also alleges that Lexur promised Messrs. Davis and Thornberry new jobs in exchange for their help in persuading the Counties to implement the out-of-cycle bidding process.

Tyler states that the Rebid Conspiracy was successful. Of the six Counties (those Tyler knows of to date) who were approached to rebid for contracts out-of-cycle, only one refused. For the other five Counties, Lexur was the lone bidder. Two of those Counties decided not to award a new out-of-cycle contract to anyone at that time, but the other three terminated their contracts with Tyler and entered new mid-term contracts with Lexur. Those Counties later revoked the Lexur contracts and awarded them back to Tyler.

Tyler's legal claims are under the Sherman Antitrust Act and Indiana's Antitrust Act, and under Indiana common law theories of tortious interference with contract and with business relationships and for civil conspiracy.

## Procedural Background

Lexur filed its motion to dismiss on September 29, 2020, three business days after the parties filed their joint proposed case management plan in advance of the initial pretrial conference set for October 1, 2020. (Defendant Fry filed his motion

to dismiss on September 30, 2020, which essentially adopts the arguments made by Lexur.) Despite their intent immediately to seek dismissal of all claims, Lexur and Fry made no mention in the proposed CMP of any intent to seek a stay of discovery. And despite having filed their dismissal motions just before the initial pretrial conference, neither made any mention during the conference of an intent to seek a stay of discovery. Instead, the defendants agreed to standard case management sequencing, with discovery to be completed by June 10, 2021. The parties also asked for an early settlement conference, which the undesigned conducted on December 21, 2020.

Thereafter, Tyler served its initial document requests on February 10, 2021, and Lexur (joined by Fry) moved to stay discovery on March 1, 2021. (By this time, Lexur and Fry were the sole defendants; the document requests to them are virtually identical.)

## Analysis

As this court has explained in other cases, it has wide discretion in controlling discovery, and a decision whether to stay discovery depends entirely on the unique facts of a given case. There is no general rule that discovery will be stayed pending the decision on a motion to dismiss and no presumption against staying discovery even though the defendants seek dismissal of all claims. *See, e.g., Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.,* 2017 WL 11573558 at *2 (S.D. Ind. Aug. 11, 2017).

The court declines to stay discovery here for the following reasons:

1. The defendants were dilatory in seeking a stay of discovery. They assert now that antitrust cases are prime candidates for stays of discovery pending decision on dismissal motions, but that argument could have been made in the context of proposing the case management plan and discussions with the court at the initial pretrial conference. The court would have set immediate deadlines for briefing that issue had it been brought to its attention.

2. The defendants have not demonstrated that the documents discovery sought by Tyler is unduly burdensome. The court is persuaded that the discovery appears to be appropriately targeted: (a) most of the requests seek information covering a short time frame (January 1, 2020, to the present), (b) one request is limited to bids that were submitted for only one year, 2017), (c) one request is limited to bid documents in 2019 and 2020 only, (d) one request is limited to employment offers made in 2019 and 2020 to the two former Tyler employees alleged to have participated in the conspiracy, and (e) the remaining request covers a longer period (3 ½ years) but is limited to documentation and communications about the alleged strategy to displace Tyler from its contracts in out-of-cycle re-bids.

3. The defendants have not shown that it is particularly difficult to develop appropriate search terms, identify custodians and other sources of information, conduct the searches, and produce responsive, non-privileged documents. Moreover, the court does not forbid Lexur and Fry from interposing appropriate objections—if they can be made in good faith—but they cannot object that the discovery should not be had because their motions to dismiss are pending.

      4.      The court is convinced that the alleged confidentiality/trade secret concerns proffered by the defendants can be appropriately ameliorated through a protective order and the defendants' good faith in making confidentiality designations, including to the extent an attorneys' eyes only designation *may* be appropriate for some information. In addition, to the extent that responsive documents reveal specific strategy Lexur may implement post-2020, objections *may* be appropriate because of burden in providing a competitor with one's future plans. The court does not purport to resolve here all arguments about proportionality (*e.g.,* the weighing of relevance, materiality, burden and expense), but finds that a stay of discovery is not appropriate.

      5.      The court also does not purport to opine about the relative merits of the dismissal briefing, but it agrees with Tyler that even if the court were to decide that some or all of its claims should be dismissed, Tyler likely would be given an opportunity to amend. *See Runnion v. Girl Scouts of Greater Chicago,* 786 F.3d 510, 519 (7th Cir. 2015) (plaintiff should be given at least one opportunity to amend before entire case is dismissed). Tyler has shown a likelihood that its documents discovery may uncover additional information supportive of its claims. *See, e.g.,* Dkt. 77 at pp. 8-9). Further, Lexur's main contention that discovery cannot possibly assist Tyler in making a better antitrust standing argument is limited to the federal antitrust claim.

## Conclusion

For the foregoing reasons, the motion to stay discovery (Dkt. 68) is DENIED. Lexur and Mr. Fry must serve their responses by May 14, 2021.[3] They must confer with the plaintiff about an appropriate protective order and a motion to approve a protective order must be filed by May 6, 2021. If the parties cannot agree on the scope of an order, the plaintiff must file its form of order with a motion by May 7, 2021. The parties must also confer about appropriate search terms and custodians and Lexur and Mr. Fry must promptly conduct appropriate searches consistent with these deadlines.

So ORDERED.

Dated: April 22, 2021

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

---

[3] This deadline supersedes the deadline included in the court's order of April 19, 2021.