UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TYLER TECHNOLOGIES, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> LEXUR ENTERPRISES INC., ROBERT FRY, and DANIEL MUTHARD <br><br> DEFENDANTS. | CAUSE NO. 4:20-CV-00173-TWP-DML |

## DEFENDANTS ROBERT FRY AND DANIEL MUTHARD'S BRIEF IN SUPPORT OF THEIR MOTION FOR MORE DEFINITE STATEMENT TO ASSESS THE COURT'S JURISDICTION OVER PLAINTIFF'S CLAIMS

Defendant Robert Fry ("Fry") and Daniel Muthard ("Muthard") submit the following brief in support of their motion for a more definite statement to assess the court's subject matter jurisdiction over plaintiff's claims.

1. This action was previously an antitrust action and was dismissed for failure to state a claim upon which relief can be granted. (Entry on Defendants' Motions to Dismiss, DN 95.)

2. Plaintiff filed an amended complaint on July 9, 2021, adding an additional defendant (Muthard) and altering its legal theory to allege that the "Defendants" misappropriated plaintiff's trade secrets, thereby violating the federal Defend Trade Secrets Act and the Indiana Uniform Trade Secrets Act. (Amended Complaint, DN 96.)

3. Defendants is defined in the amended complaint as Lexur Enterprises Inc. ("Lexur"), Fry (Lexur's Chief Financial Officer), and Muthard (Lexur's Chief Executive Office). (*Id.* at ¶¶ 32, 33.)

4. The claims contained in the amended complaint are asserted against all the Defendants (Lexur, Fry, and Muthard). (*Id.*)

5. On August 2, 2021, Lexur filed a motion for more definite statement to assess the Court's subject matter jurisdiction over Plaintiff's claims (DN 101) pursuant to Federal Rule of Civil Procedure 12(e).

6. The arguments made in Lexur's motion for a more definite statement are equally applicable to Fry and Muthard. For the purposes of judicial efficiency, Fry and Muthard adopt and incorporate by reference Lexur's motion for a more definite statement, including all legal arguments set forth therein. As applied to Muthard and Fry, those arguments are, in brief, as follows:

(a) The Defend Trade Secrets Act ("DTSA") requires the plaintiff to establish a nexus between the misappropriated trade secrets and interstate commerce as a jurisdictional requirement. *Hydrogen Master Rights Ltd. v. Weston*, 228 F. Supp. 3d 320, 338 (D. Del. 2017) (dismissing trade secret claims for lack of subject matter jurisdiction); *see also DLMC , Inc. v. Flores*, No. 18-00352, 2019 WL 309754 at *2 (D. Hawai'i Jan. 23, 2019) (holding that plaintiff failed to connect the dots between interstate commerce and allegedly misappropriated trade secrets). Despite obtaining the documents and information that constitute the purportedly misappropriated trade secrets during discovery, the amended complaint is so vague

as to which of the "Defendants" misappropriated which alleged trade secret, the nature of the allegedly misappropriated trade secret, and the nexus between that trade secret and interstate commerce, neither Muthard, Fry, nor the Court can ascertain whether there is a sufficient nexus between the misappropriated trade secrets and interstate commerce such that this Court can acquire subject matter jurisdiction. *See id.*; *see also, e.g.*, *FUFC, LLC v. Excel Contractors, LLC*, No. CV 18-1095, 2020 WL 1443039, * (M.D. La. Mar. 24, 2020) (finding that allegations against all defendants do not satisfy the requirements of *Iqbal* and *Twombly* and the plaintiff must instead "state with specificity what claims [it] is alleging against [each defendant] and what factual allegations support those claims).

   (b) In light of plaintiff's reacquisition of the three original "lost" contracts, Muthard and Fry do not believe plaintiff can establish damages of over $75,000 as is necessary to establish diversity jurisdiction if Tyler's DTSA claim is dismissed.

   7. For the reasons set forth in Lexur's motion for a more definite statement and as further explained herein, plaintiff should be required to identify both the specific trade secrets allegedly misappropriated by each defendant, the nexus between those trade secrets and interstate commerce, and the amount of Plaintiff's damages.

*Douglas B. Bates*
Douglas B. Bates, Bar No. 16355-10
Chelsea R. Stanley, Bar No. 32770-22
STITES & HARBISON PLLC
323 East Court Avenue
Jeffersonville, IN  47130
Telephone:  (812) 282-7566
Email:  dbates@stites.com
Email:  cstanley@stites.com
*COUNSEL FOR ROBERT FRY AND DANIEL MUTHARD*

211126

- 4 -